UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICK ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 676 |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | Virginia Kendall |
| INV. K. ELLIS #248, INV. SMITH #371 | ) | |
| And INV. JONES # 454, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants, Investigators ELLIS, SMITH and JONES (hereinafter "Defendants") by and through their attorney RICHARD A. DEVINE, State's Attorney of Cook County through his Assistant Sarah M. Burke and answer Plaintiff's Complaint as follows:

1. This action is brought pursuant to the Laws of the United States Constitution, specifically 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendants committed under color of law.

    ANSWER:   Defendants' admit the allegations contained in Paragraph 1.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331.

    ANSWER:   Defendants' admit the allegations contained in Paragraph 2.

3. The Plaintiff, RICK ALLEN, at all relevant times was a United States citizen and permanent resident of the State of Illinois.

ANSWER: Defendants' admit the allegations contained in Paragraph 3.

4. The Defendants, INV. K. ELLIS #248, INV. SMITH #371, and INV. JONES #454, were at all times duly appointed police officers of the Cook County Sheriff's Department and at all relevant times were acting within their scope of employment and under color of laws.

ANSWER: Defendants' admit the allegations contained in Paragraph 4.

5. On or about April 3, 2007, the Plaintiff was driving his car in the vicinity of Chicago Road and the Rt. 1cut off.

ANSWER: Defendants' admit the allegations contained in Paragraph 5.

6. The Plaintiff was not committing a crime or breaking any laws.

ANSWER: Defendants deny the allegations contained in Paragraph 6.

7. The Defendants were in an unmarked car and quickly beeped their siren.

ANSWER: Defendants admit they beeped their siren. Defendants' deny the remaining allegations contained in Paragraph 7.

8. The Plaintiff did not know these individuals were law enforcement officers.

ANSWER: Defendants' are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8.

9. The Plaintiff got out of his car and asked what they wanted.

ANSWER: Defendants' deny the allegations contained in Paragraph 9.

10. The Defendants exited their vehicle, grabbed the plaintiff, choked him, threw him to the ground and intentionally injured his arm.

ANSWER: Defendants' deny the allegations contained in Paragraph 10.

11. The Defendants arrested the Plaintiff and charged him with not wearing a seatbelt and obstruction.

ANSWER: Defendants' admit the allegations contained in Paragraph 11.

12. The Plaintiff did not commit any crime.

ANSWER: Defendants' deny the allegations contained in Paragraph 12.

13. The Defendants then searched and tore up the Plaintiff's car.

ANSWER: Defendants' deny the allegations contained in Paragraph 13.

14. The Defendants did not have probable cause to stop and search the Plaintiff.

ANSWER: Defendants' deny the allegations contained in Paragraph 14.

15. The Defendants did not have probable cause to arrest the Plaintiff.

ANSWER: Defendants' deny the allegations contained in Paragraph 15.

16. The Defendants did not have probable cause to charge the Plaintiff.

ANSWER: Defendants deny the allegations contained in Paragraph 16.

17. Said action of Defendants INV. K. ELLISs #248, INV. SMITH #371, and INV. JONES #454, were intentional, willful, and wanton.

ANSWER: Defendants' deny the allegations contained in Paragraph 17.

18. Said actions of the Defendants, INV. K. ELLIS #248, INV. SMITH #371, and INV. JONES #454, violated the Plaintiff's Fourth Amendments Rights and were in violation of said rights protected by 42 U.S.C. §1983.

ANSWER: Defendants' deny the allegations contained in Paragraph 18.

19. As a direct and proximate consequence of said conduct of Defendants, INV. K. ELLIS #248, INV. SMITH #371, and INV. JONES #454, the Plaintiff, RICK ALLEN, suffered violations of his constitutional rights, monetary expense, monetary loss, fear, emotional distress, pain and suffering.

ANSWER: Defendants' deny the allegations contained in Paragraph 19.

## COUNT II-EXCESSIVE FORCE

1-10. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-10 as his respective of paragraphs 1-10 of Count II as though fully set forth herein.

ANSWER: Defendants' incorporate by reference each of its responses as stated above as though fully set forth herein.

11. Said use of force was unprovoked.

ANSWER: Defendants' deny the allegations contained in Paragraph 11.

12. Said use of force was excessive and unreasonable.

ANSWER: Defendants' deny the allegations contained in Paragraph 12.

13. As a result of the force used by the Defendants, the Plaintiff RICK ALLEN was injured.

ANSWER: Defendants' deny the allegations contained in Paragraph 13.

14. Said actions of Defendant INV. K. ELLIS #248, INV. SMITH #371, and INV. JONES #454 were intentional, willful and wanton.

ANSWER: Defendants' deny the allegations contained in Paragraph 14.

15. Said actions of the Defendants, INV. K. ELLIS #248, INV. SMITH #371, and INV. JONES #454, violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

ANSWER: Defendants' deny the allegations contained in Paragraph 15.

16. As a direct and proximate consequence of said conduct of Defendants INV. K. ELLIS #248, INV. SMITH #371, and INV. JONES #454, and Plaintiff, RICK ALLEN, suffered

violations of his constitutional rights, monetary expense, monetary loss, fear, emotional distress, pain and suffering.

ANSWER: Defendants deny the allegations contained in Paragraph 16.

## Affirmative Defenses

NOW Come Defendants, Investigators ELLIS, SMITH and JONES (hereinafter "Defendants") through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by his assistant, Sarah M. Burke, and asserts the following Affirmative Defenses:

## First Affirmative Defense

The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendants' are entitled to the defense of Qualified Immunity.

## JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, based upon the forgoing, Defendants, Investigators ELLIS, SMITH and JONES (hereinafter "Defendants") respectfully requests that this Honorable Court grant judgment in their favor and against the Plaintiff on all aspects of his Complaint and further requests this Honorable Court grant them fees, costs and such other relief that this Court deems just and appropriate.

    Respectfully submitted,
RICHARD A. DEVINE
State's Attorney of Cook County
By:  /s/Sarah M. Burke
    Sarah M. Burke
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603.4320